UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Steven J. Roy

    v.                        Case No. 18-cv-817-JL

New Hampshire Department of Corrections
Commissioner Helen Hanks; Director of Medical
and Forensic Services Paula Mattis; Bernadette
Campbell, Administrator, Medical and Forensic
Services; Centurion of New Hampshire LLC;
MHM Solutions, Inc.; Dr. Jose Aviles; Dr. Edward
Dransite; Dr. FNU Anzel; Dr. Keith Batchelder; and
Dr. Raj Pande[1]

**REPORT AND RECOMMENDATION**

Before the court is the motion to dismiss (Doc. No. 47) filed by defendants New Hampshire Department of Corrections ("DOC") Commissioner Helen Hanks and DOC Director of Medical and Forensic Services Paula Mattis. Those defendants have been served in this case only in their official capacities and have been directed to respond in that capacity to certain Eighth Amendment dental care claims seeking injunctive relief. In this Report and Recommendation ("R&R"), the court also addresses plaintiff's failure to respond to the July 10, 2019 Order.

---

[1]The parties named in the complaint, other than those listed in the caption of this Order, have been dropped from the case. See May 9, 2019 Order (Doc. No. 25) (approving Apr. 24, 2019 R&R (Doc. No. 20)).

Motion to Dismiss (Doc. No. 47)

The motion to dismiss (Doc. No. 47) seeks to vacate the court's May 31, 2019 Order (Doc. No. 33) and to have official capacity defendants Commissioner Hanks and Director Mattis dropped as parties.  Plaintiff, Steven J. Roy, has not objected.

The May 31, 2019 Order (Doc. No. 33) directed that Commissioner Hanks and Director Mattis be served and joined as official capacity defendants in connection with plaintiff's claims for injunctive relief.  The court issued that Order after the New Hampshire Attorney General's Office ("AG") declined to accept service upon behalf of any official capacity defendant dentist on the injunctive relief claims.  See generally Apr. 24, 2019 Order (Doc. No. 21) (directing that DOC dentists be served in their "official capacities"); Notices (Doc. Nos. 29, 30) (AG declined to accept service on behalf of any defendant, upon concluding that only Dr. Jose Aviles appeared to be eligible for such representation, but AG could not located him).

Without expressing any view regarding the merits of any of the arguments asserted in support of the motion to dismiss (Doc. No. 47), the undersigned magistrate judge now recommends that the district judge issue an order dropping Commissioner Hanks and Director Mattis as defendants, in light of plaintiff's failure to object to defendants' motion.  The motion to dismiss should thus be granted in part, to the extent that those

2

defendants are dropped from the case, without prejudice to plaintiff's ability to move to amend the complaint and join any appropriate party as a defendant, showing the grounds for such proposed amendment and joinder, with respect to his official capacity claims for injunctive relief.

### Failure to Respond to July 10, 2019 Order

In its July 10, 2019 Order, the court advised plaintiff either to provide the court with an address for serving Dr. Jose Aviles within ninety days, or to move for an extension of that time period, or the court would dismiss the claims pending against Dr. Aviles, without prejudice, pursuant to Fed. R. Civ. P. 4(m).  Plaintiff did not respond to that Order.  Accordingly, all claims pending against Dr. Aviles should be dismissed without prejudice, and Dr. Aviles should be dropped as a party.

### Conclusion

For the foregoing reasons, the magistrate judge recommends as follows:

    1.   The district judge should grant the motion to dismiss (Doc. No. 47), in part, to the extent that official capacity defendants Commissioner Hanks and Director Mattis should be dropped from this case, without prejudice to plaintiff's ability to move to amend the complaint and join

any appropriate party as a defendant, showing the grounds for such proposed amendment and joinder, with respect to his official capacity claims for injunctive relief. The remaining relief sought in that motion (Doc. No. 47) should be denied.

    2. The district judge should direct that Dr. Jose Aviles be dropped as a defendant, and all claims asserted against him in this case should be dismissed without prejudice, for lack of timely service, pursuant to Fed. R. Civ. P. 4(m).

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

                                    /s/ Andrea K. Johnstone
                                    Andrea K. Johnstone
                                    United States Magistrate Judge

January 23, 2020

cc: Steven J. Roy, pro se
    Anthony Galdieri, Esq.
    Jonathan A. Lax, Esq.
    Christina M. Wilson, Esq.