## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

Steven J. Roy

      v.                                          Case No. 18-cv-817-JL

New Hampshire Department of Corrections
Commissioner Helen Hanks et al.[1]

### REPORT AND RECOMMENDATION

Before the court are two similar motions (Doc. Nos. 51, 55)
filed by Northern New Hampshire Correctional Facility ("NCF")
inmate Steven J. Roy, seeking the same relief: to join as
defendants in this action two prison officials who have been
dropped from this case: N.H. Department of Corrections ("DOC")
Commissioner Helen Hanks, in her official capacity; and DOC
Director of Medical and Forensic Services Paula Mattis, in both
her individual and official capacities.  The remaining
defendants who have appeared in this matter - Centurion of New
Hampshire, LLC ("Centurion"); MHM Solutions, Inc. ("MHM");
(former) DOC Dental Director Dr. Edward Dransite; (former) DOC

---

[1]The defendants who have appeared in this action are
Centurion of New Hampshire LLC; MHM Solutions, Inc.; Dr. Edward
Dransite; Dr. David Anzel; Dr. Keith Batchelder; and Dr. Raj
Pande.  All other defendants have been dropped as parties.  See
Feb. 19, 2020 Order (Doc. No. 52) (dropping Dr. Jose Aviles, New
Hampshire Department of Corrections ("DOC") Commissioner Helen
Hanks, and DOC Medical and Forensic Services Director Paula
Mattis); May 9, 2019 Order (Doc. No. 25) (dropping Kathy
Belisle).

Dental Director Dr. David Anzel; and NCF dentists Dr. Keith
Batchelder and Dr. Raj Pande (collectively "Dental Providers"),
have not objected to either motion.  Commissioner Hanks and
Director Mattis have not filed a response to either of the
plaintiff's motions seeking to re-join them as defendants.

In addition, in this Report and Recommendation ("R&R") the
court takes up an issue raised in a footnote of a motion filed
by the prison officials, which states that, to the extent
(former) DOC Dental Director Dr. David Anzel is named as a
defendant in his official capacity, current DOC Dental Director
Dr. Ingjerd Bergstedt would be "automatically substituted as the
appropriate successor official on that official capacity claim."
Doc. No. 47, at 7-8, n.2.

## Background

Plaintiff Steven Roy and a group of other inmates at the
Northern New Hampshire Correctional Facility ("NCF") filed this
action claiming that they had received, and were continuing to
receive, constitutionally inadequate dental care at NCF.  The
claims of all of the plaintiff inmates, other than Mr. Roy, were
subsequently severed from this action and dismissed.  See Dec.
7, 2018 Order; Nov. 16, 2018 Order (Doc. No. 5).  Mr. Roy
maintains this action, naming individual defendants in their
individual and official capacities, highlighting specific,

current, and past problems with his dental care, and pointing to systemic problems affecting the NCF dental department, including allegations that the department is understaffed, ill-equipped, and poorly-supervised.

The court subjected Mr. Roy's claims to preliminary review pursuant to 28 U.S.C. § 1915A.  The court dismissed certain claims, dropped one named defendant (Kathy Belisle), allowed malpractice claims to proceed against the corporate defendants (MHM and Centurion), and allowed Eighth Amendment claims and malpractice claims to proceed against the dentists named as defendants, including (retired) NCF dentist Dr. Jose Aviles and the two (former) DOC Dental Directors (Drs. Dransite and Anzel), in their individual and official capacities.[2]  The court then directed service of the complaint and required those defendants to answer the claims that had been allowed to proceed.

After receiving notice from the New Hampshire Attorney General's Office ("AG") that there were no individuals named as defendants who were eligible for AG representation (except for Dr. Aviles, who could not be found), see Doc. No. 30, at 2, the court then ordered Commissioner Hanks and Director Mattis, in their official capacities, to file an answer to plaintiff's

---

[2]Dr. Aviles has since been dropped from the case, for lack of timely service, and the claims against him have been dismissed without prejudice.  See Feb. 19, 2020 Order (Doc. No. 52).

claims for injunctive relief and an objection to plaintiff's
motion for a preliminary injunction.  See May 31, 2019 Order
(Doc. No. 33).  Those individuals had not been expressly dropped
as defendants, but claims naming them individually had been
dismissed from the case.  Commissioner Hanks and Director Mattis
then moved to be dropped entirely from the case, arguing that Ex
parte Young, 209 U.S. 123 (1908), did not apply, and that it was
"doubtful" that they were necessary parties, Mot. to Dismiss
(Doc. No. 47), at 7.  Because no party had objected to that
motion to dismiss, the court, without addressing the merits of
the arguments therein, granted that motion, in part, and allowed
Commissioner Hanks and Director Mattis to be dropped from the
case.  See Feb. 19, 2020 Order (Doc. No. 52) (approving Jan. 23,
2020 R&R (Doc. No. 50)).  The court's ruling was issued without
prejudice to the plaintiff's ability to move to amend the
complaint and/or to join any appropriate defendant, in his or
her official capacity, showing grounds for such relief.  See
Feb. 19, 2020 Order (Doc. No. 52) (approving Jan. 23, 2020 R&R
(Doc. No. 50)).

## **Discussion**

I.   Substitution of DOC Dental Director

     "If the action is one 'brought in form against a named
officer, but intrinsically against the government or the office

4

or the incumbent thereof whoever he may be from time to time
during the action,' there is no need for plaintiff to keep track
of who is occupying the office at a given time." Echevarria-
Gonzalez v. Gonzalez-Chapel, 849 F.2d 24, 31 (1st Cir. 1988)
(citation omitted) (emphasis in Echevarria-Gonzalez). Fed. R.
Civ. P. 25(d) expressly allows for substitution of the current
officer holder on an official capacity claim when the successor
is named while the action is pending.  In discussing why service
of a complaint naming the former officeholder in his official
capacity adequately served the current office holder,
Echevarria-Gonzalez provides authority for making the
substitution in a case like this, where the new office holder
took over before the complaint was filed.  See Echevarria-
Gonzalez, 849 F.2d at 31 ("'[t]he manipulation of names is
merely a technicality that should not interfere with substantial
rights'" (citations omitted)).

Plaintiff has named both Dr. David Anzel and Dr. Edward
Dransite as defendants in their individual and official
capacities, calling them "Supervising Dentist[s]" from "Concord"
who controlled the dentists at NCF and filled in as "temps."
Compl. (Doc. No. 1) at 1, 8, 27.  The Dental Providers' Answer
confirms that both Dr. Anzel and Dr. Dransite held the office of
DOC Dental Director in the relevant time period, see Ans. (Doc.
No. 35), at 5, which Dr. Bergstedt now holds, see June 18, 2019

Aff. Ingjerd Bergstedt, DMD (Doc. No. 34-1), at 1.

Construed liberally, in light of Mr. Roy's pro se status, the complaint names Dr. Anzel and Dr. Dransite in their (former) official capacities as DOC Dental Directors, as well as in their individual capacities.  The court has directed service of the complaint against those dentists in both their individual and official capacities "as providers of dental services to DOC inmates."  Apr. 24, 2019 R&R (Doc. No. 20), at 27.  The current DOC Dental Director, Dr. Bergstedt, is thus appropriately substituted on the official capacity claims, without affecting the claims against the dentists in their individual capacities, and the district judge should direct the clerk's office to update the docket to make that substitution.

II.  <u>Motions to Join Commissioner Hanks and Director Mattis</u>

A.  <u>Standard</u>

Mr. Roy's motions (Doc. Nos. 51, 55) seek leave to reinstate claims for damages against Director Mattis in her individual capacity, and to re-join her and Commissioner Hanks, in their official capacities, to his claims for injunctive relief.

Persons . . . may be joined in one action as defendants if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence,

6

or series of transactions or occurrences; and

(B) any question of law or fact common to all
defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2)(A)-(B).

A motion seeking to add (or re-instate) claims and
defendants is, in general, evaluated using the "same standard of
liberality" that applies to motions that seek only to add new
claims.  See Garcia v. Pancho Villa's of Huntington Vill., Inc.,
268 F.R.D. 160, 165 (E.D.N.Y. 2010).  "Leave to amend should be
'freely given . . . when justice so requires[,]' absent an
apparent or declared reason such as 'futility of amendment.'"
Rife v. One West Bank, F.S.B., 873 F.3d 17, 20-21 (1st Cir.
2017) (citation omitted).  "Futility means that the complaint,
as amended, would fail to state a claim upon which relief could
be granted." Id. at 21 (internal quotation marks and citation
omitted); see also Anderson News, L.L.C. v. Am. Media, Inc., 680
F.3d 162, 185 (2d Cir. 2012) ("The adequacy of a proposed
amended complaint to state a claim is to be judged by the same
standards as those governing the adequacy of a filed
pleading.").  The standard of review applied in assessing
futility is the same standard applied in the preliminary review
of Mr. Roy's pleadings under 28 U.S.C. § 1915A, which is set
forth in the April 24, 2019 R&R (Doc. No. 20).

B.    <u>Failure to State a Claim for Relief</u>

Plaintiff seeks to join Director Mattis and Commissioner
Hanks to the Eighth Amendment claims he asserted in the original
complaint.  The court previously identified the claims asserted
in the complaint against those prison officials, and then
directed that those claims be dismissed for reasons set forth in
the April 24, 2019 R&R (Doc. No. 20), which the district judge
approved.  See May 9, 2019 Order (Doc. No. 25).  Mr. Roy moves
to re-join Commissioner Hanks and Director Mattis to those
claims but pleads no new facts with respect to those claims.
Rather, Mr. Roy argues that the court overlooked the grievances
and exhibits to his complaint which he alleges show that
Commissioner Hanks and Director Mattis were subjectively aware
of systemic shortcomings in the provision of dental care at NCF
and failed to correct those shortcomings.  The court in its
April 24, 2019 R&R fully explained its reasoning relating to
matters other than the December 2017 dental issues, which Mr.
Roy first grieved in January 2018.  The court herein clarifies
its analysis in regard to those remaining matters.

Eighth Amendment claims can be based on allegations that
"'systemic deficiencies'" resulted in inmate health care that
was constitutionally inadequate for all inmates, Phillips v.
Sheriff of Cook Cty., 828 F.3d 541, 556 (7th Cir. 2016)
(citations omitted).  To plead a viable Eighth Amendment claim

based on such alleged deficiencies, the plaintiff must plead facts to show that defendants knew about the deficiencies, and that they were subjectively aware of, and deliberately indifferent to, the risk that those deficiencies would expose inmates to a substantial risk of serious harm. See Farmer v. Brennan, 511 U.S. 825, 837 (1994) ("the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference").

In mid-January 2018, Mr. Roy asserts, he submitted a grievance that landed in Director Mattis's office, complaining in pertinent part about staffing, appointment cancellations, and delays that had prevented him from receiving follow-up care for his dental needs identified in a late December 2017 examination. Mr. Roy has also alleged facts suggesting that Director Mattis in that time period (January/February 2018) had been notified that the NCF dental department was short-staffed and that the one-day-a-week contract dentist, Dr. Shyne, had died. Mr. Roy received a response to his January 2018 grievance from Director Mattis's office stating that he had follow-up appointments in February 2018 and June 2018. Mr. Roy has also alleged in the complaint that he received follow-up care for specific problems, described in his mid-January 2018 grievance, in an appointment he had in February 2018. He further alleges that he recapped

9

the same issues in a grievance to Commissioner Hanks, who denied that grievance.

There are no facts suggesting that Director Mattis or Commissioner Hanks were subjectively aware, in the relevant time period, that a several-month delay in Mr. Roy's receipt of a follow-up appointment for tooth problems identified in December 2017 exposed Mr. Roy to a substantial risk of serious harm, or that any rescheduling of the February 2018 appointment that might occur would expose Mr. Roy to such a risk. Without more, the facts pleaded by Mr. Roy fail to state a claim of deliberate indifference upon which relief can be granted, as to Director Mattis and Commissioner Hanks.

Mr. Roy also points to an affidavit attached to the complaint, which states that inmate Daniel Rainville had notified Director Mattis's Office in January/February 2018 that understaffing, appointment cancellations, and scheduling errors had delayed Mr. Rainville's receipt of appointments. This court need not consider whether Mr. Roy's allegations about Mr. Rainville state an actionable claim upon which Mr. Rainville could receive relief, as Mr. Roy is presently the sole plaintiff in this lawsuit, and he cannot litigate third-party claims. Mr. Roy has not pleaded sufficient facts to suggest that Director Mattis or Commissioner Hanks, in their official capacities, were subjectively aware of any delays or other systemic deficiencies

presenting a substantial risk of serious harm to Mr. Roy in the relevant time period.  Accordingly, Mr. Roy's motion to re-join the prison officials should be denied as futile, for failure to state a claim.

### C.    Necessary Parties

Mr. Roy argues that Commissioner Hanks and/or Director Mattis must be joined to ensure that complete relief can be provided if he were to prevail on his claims.  Mr. Roy's argument implicates Rule 19(a)(1)(A), which provides, in pertinent part, that "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: . . . in that person's absence, the court cannot accord complete relief among existing parties."  Fed. R. Civ. P. 19(a)(1)(A).

The "existing parties" are deemed to consist of the Dental Providers, along with the current DOC Dental Director, Dr. Bergstedt, in her official capacity, whom this R&R recommends substituting for the predecessor Dental Directors.  Mr. Roy has alleged that the Dental Providers, including the corporate defendants, are responsible for staffing and providing dental care to NCF inmates, and that the DOC Dental Director has supervisory authority over such care.  With respect to the claims stated in the complaint which were allowed to proceed

after preliminary review, those existing defendants are capable of providing all of the relief that could be awarded to Mr. Roy if he were to prevail.  Accordingly, Commissioner Hanks and Director Mattis, in their official capacities, are not necessary parties under Fed. R. Civ. P. 19(a)(1)(A).

A person can also be deemed to be a necessary party, see Fed. R. Civ. P. 19(a)(1)(B), if that person "claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence" may "as a practical matter impair or impede the person's ability to protect the interest," or may "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B).  The test applied under Rule 19(a)(1)(B) is pragmatic and contextual.  See Bacardi Int'l Ltd. v. V. Suarez & Co., 719 F.3d 1, 9 (1st Cir. 2013); Picciotto v. Cont'l Cas. Co., 512 F.3d 9, 15–16 (1st Cir. 2008) ("a district court should keep in mind the policies that underlie Rule 19, 'including the public interest in preventing multiple and repetitive litigation, the interest of the present parties in obtaining complete and effective relief in a single action, and the interest of absentees in avoiding the possible prejudicial effect of deciding the case without them'" (citation omitted)).

Although no party has briefed whether Commissioner Hanks or

Director Mattis, in their official capacities, are parties that must be joined under Rule 19(a)(1)(B), the record before this court suggests that they do <u>not</u> have a claim that may be impaired in their absence, so long as the Dental Providers and current DOC Dental Director are parties.  The interests of the DOC Dental Director in her official capacity would appear to be the same as the interests of the DOC Commissioner and Director Mattis in their official capacities.  Moreover, the Dental Providers presented a vigorous defense to plaintiff's motion for a preliminary injunction, demonstrating that, as a practical matter, the prison officials' interests in the subject of this lawsuit will be protected by the existing parties.  As no argument or evidence before the court shows: that the interests of the existing defendants diverge from those of Commissioner Hanks and Director Mattis, that the prison officials' interests will not be protected by the existing parties, and that there is a substantial risk that any existing party would incur multiple or inconsistent obligations because of the prison officials' interest and absence, the district judge should deny Mr. Roy's motions (Doc. Nos. 51, 55).

## Conclusion

For the foregoing reasons, the magistrate judge recommends as follows:

1.    The district judge should deny both of plaintiff's motions (Doc. Nos. 51, 55) to re-join Director Mattis and Commissioner Hanks as defendants.

2.    The district judge should direct the clerk's office to update the docket to add DOC Dental Director Dr. Ingjerd Bergstedt as a defendant in her official capacity, leaving former DOC Dental Directors Dr. Dransite and Dr. Anzel as defendants only in their individual capacities.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_Andrea K. Johnstone_
Andrea K. Johnstone
United States Magistrate Judge

August 7, 2020

cc:  Steven J. Roy, pro se
     Anthony Galdieri, Esq.
     Jonathan A. Lax, Esq.
     Christina M. Wilson, Esq.