```
            UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW HAMPSHIRE
```

Steven J. Roy

    v.                                          Case No. 18-cv-817-JL

Centurion of New Hampshire LLC;
MHM Solutions, Inc.; Dr. Edward
Dransite; Dr. David Anzel; Dr. Keith
Batchelder; Dr. Raj Pande; and N.H.
Department of Corrections Dental
Director Dr. Ingjerd Bergstedt[1]

## REPORT AND RECOMMENDATION

Before the court is Northern New Hampshire Correctional Facility ("NCF") inmate Steven J. Roy's motion for a preliminary injunction (Doc. No. 63), stating that, in retaliation for his engagement in First Amendment activity, he lost his prison computer job in October 2020 and was transferred for five days to solitary confinement in Pending Administrative Review ("PAR") status.  This lawsuit generally concerns the dental care Mr. Roy has received at NCF, which he alleges has violated his Eighth Amendment rights.  The individual defendant NCF dental care providers and their private employers who have appeared through counsel in this action -- Centurion of New Hampshire, LLC; MHM Solutions, Inc.; Dr. Edward Dransite; Dr. David Anzel; Dr. Keith

---

[1]Other parties named in the complaint, not listed in the caption of this Order, have been dropped from the case.  See Feb. 19, 2020 Order (Doc. No. 52) (approving Jan. 23, 2020 R&R (Doc. No. 50)); May 9, 2019 Order (Doc. No. 25) (approving Apr. 24, 2019 R&R (Doc. No. 20)).

Batchelder; and Dr. Raj Pande; and the official capacity defendant, New Hampshire Department of Corrections Dental Director Dr. Ingjerd Bergstedt (hereinafter, collectively, "Dental Providers") -- have objected to Mr. Roy's motion, arguing that they are not responsible for any of incidents described in the motion.  <u>See</u> Dental Providers' Obj. (Doc. No. 64).

## Discussion

I.   Preliminary Injunction Standard

"[T]he issuance of preliminary injunctive relief is 'an extraordinary and drastic remedy that is never awarded as of right.'"  Harry v. Countrywide Home Loans, Inc., 215 F. Supp. 3d 183, 186 (D. Mass. 2016) (citations omitted), <u>aff'd</u>, 902 F.3d 16, 18 (1st Cir. 2018).  "'A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'"  Glossip v. Gross, 135 S. Ct. 2726, 2736 (2015) (citation omitted).  Irreparable harm and likelihood of success are the factors that weigh most heavily in the analysis.  Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008); Shurtleff v. City of Bos., 928 F.3d 166, 171 n.3 (1st Cir. 2019); Voice of the Arab World, Inc. v. MDTV Med. News Now,

2

Inc., 645 F.3d 26, 32 (1st Cir. 2011). "'[P]erhaps the single most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered.'" Voice of the Arab World, 645 F.3d at 32 (quoting 11A C. Wright, A. Miller & M. Kane, Federal Practice & Procedure § 2948, at 129 (2d ed. 1995)).

## II. Irreparable Harm

"Irreparable harm most often exists where a party has no adequate remedy at law." Charlesbank Equity Fund II, Ltd. P'ship v. Blinds To Go, Inc., 370 F.3d 151, 162 (1st Cir. 2004). "A finding of irreparable harm must be grounded on something more than conjecture, surmise, or a party's unsubstantiated fears of what the future may have in store." Id.

Mr. Roy points to his present inability to obtain a job at the same level of pay, the ongoing restriction on his access to prison computers, and the emotional distress and anguish he suffered while confined in PAR status, as irreparable harm. Such harms, however, appear compensable. Accordingly, Mr. Roy has failed to demonstrate the existence of any harm for which he would have no adequate remedy at law, as to which preliminary injunctive relief may be necessary to avoid irreparable harm. For that reason, the district judge should deny his motion for a

preliminary injunction (Doc. No. 63).

III. Likelihood of Success on the Merits

"To demonstrate likelihood of success on the merits, plaintiffs must show 'more than mere possibility' of success – rather, they must establish a 'strong likelihood' that they will ultimately prevail." Sindicato Puertorriqueño de Trabajadores, SEIU Local 1996 v. Fortuño, 699 F.3d 1, 10 (1st Cir. 2012) (per curiam) (citations omitted). Here, plaintiff bases his motion on claims of First Amendment retaliation that he has not previously sought to add to this case, which arise from incidents involving other individuals who are not parties to this case, and that do not concern Mr. Roy's dental care and teeth, which form the basis of his existing claims in this case.

The standard that applies for deciding whether to allow new claims and new defendants to be joined with existing claims and defendants in a single case, Fed. R. Civ. P. 18(a), does not work in Mr. Roy's favor here. Cf. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (in general, "[u]nrelated claims against different defendants belong in different suits," to "ensure that prisoners pay the required filing fees," and to prevent them from avoiding exposure to 28 U.S.C. § 1915(g)'s "three strikes" provision). Under such circumstances, Mr. Roy has not demonstrated any likelihood that the new First Amendment

retaliation claims upon which his preliminary injunction motion is based could be properly, and successfully, joined and litigated here. Accordingly, without expressing any opinion as to whether Mr. Roy could prevail on First Amendment retaliation claims in a new lawsuit against different defendants, he is unlikely to succeed on such claims in this suit, and the district judge should deny the motion for a preliminary injunction (Doc. No. 63) on that basis.

## Conclusion

For the foregoing reasons, the district judge should deny Mr. Roy's motion for a preliminary injunction (Doc. No. 63). Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

*Andrea K. Johnstone*
Andrea K. Johnstone
United States Magistrate Judge

March 15, 2021

cc:   Steven J. Roy, pro se
      Anthony Galdieri, Esq.
      Jonathan A. Lax, Esq.
      Christina M. Wilson, Esq.